IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA | CR 02-30002-01-HO |
|---|---|
| v. | AMENDED ORDER REVOKING SUPERVISED RELEASE TERM, |
| MARTIN LEE LINDE, | IMPOSING SENTENCE, AND REIMPOSING SUPERVISED |
| Defendant. | RELEASE TERM |

On August 25, 2008, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of 1 day, to be followed by a term of supervised release of 2 years and 364 days, subject to standard and special conditions. The term of supervised release began September 3, 2008.

On August 29, 2011, this Court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release should not be revoked based on the probation officer's allegations that defendant violated the conditions of release.

On September 26, 2011, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The Court found the defendant had violated the conditions of supervised release by failing to participate in a sex offender treatment program.

It is the finding of the Court that defendant violated the conditions of supervised release.

It now appearing to the Court defendant is no longer suitable for continued community supervision,

**IT IS ORDERED** defendant's term of supervised release is revoked and defendant is sentenced to 30 days imprisonment which this Court deems already served.

**IT IS FURTHER ORDERED** that upon release from imprisonment, defendant is subject to reimposition of supervised release, pursuant to 18 USC § 3583(h), and is ordered to a term of supervised release for 12 months, subject to the standard conditions and the following special condition(s):

1) The defendant shall participate in a sex offender assessment and treatment program, as directed by the probation officer. The defendant shall abide by all rules and requirements of such program. This assessment and treatment program may include the use of the polygraph to assist in case planning and case monitoring.

2) The defendant shall not view, purchase, or possess any materials, including visual depictions of nudity and sexually explicit conduct, as defined at 18 USC § 2256(2) and (5).

3) The defendant shall have no contact with minors (in person, by telephone, through correspondence, or a third party) unless approved by the probation officer and the Court.

4) The defendant shall register, if required by law, with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student and shall provide written notification of compliance with this condition as directed by the probation officer.

5) The defendant shall provide the probation officer with any requested financial information needed to verify there have been no payments to entities that provide access to the internet.

6) The defendant is prohibited from using or possessing any computer(s) (including any

handheld computing device, any electronic device capable of connecting to any online service, or any data storage media) without the prior written approval of the U.S. Probation officer. This includes, but is not limited to, computers at public libraries, internet cafes, or the defendant's place of employment or education.

**DATED** this ___ day of September, 2011.

The Honorable Owen M. Panner
Senior U.S. District Judge